UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN TILLMAN-CONERLY, | No. 2:20–cv–950–TLN–KJN PS |
| Plaintiff, | ORDER VACATING HEARING AND ORDER TO SHOW CAUSE |
| v. | |
| U.S. OFFICE OF PERSONNEL MGMT., et al., | |
| Defendants. | |

On May 8, 2020, plaintiff filed a complaint and paid the $400 filing fee. (ECF No. 1.) The clerk of the court issued a summons and initial scheduling order, setting a status conference for October 15, 2020. (ECF Nos. 2, 3.) Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, and per the court's scheduling order, plaintiff was to serve defendants within 90 days. Plaintiff requested an extension of time in July, and the court extended the deadline to August 31, 2020. (ECF Nos. 4, 5.) However, as of this date, it does not appear plaintiff has served either defendant. Rule 4 of the Federal Rules of Civil Procedure states that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

1

Here, plaintiff did file a notice entitled "summons returned executed." (ECF No. 6.) However, a review of the affidavits attached to this filing, signed by plaintiff's process server, indicate that neither the individual defendant nor the governmental entity was served in August. The U.S. O.P.M. appears to have provided plaintiff with instructions on how to serve either defendant given the restrictions brought about by the pandemic, but the docket contains no record that these documents were in fact served in the manner suggested. Thus, the deadline for service has passed, and no good cause yet exists to grant an extension. Accordingly:

1. Plaintiff is hereby ORDERED TO SHOW CAUSE why this complaint should not be dismissed. By October 21, 2020, plaintiff shall file a statement with the court asserting any additional good cause reasons why she has failed to serve defendants pursuant to Federal Rule of Civil Procedure 4.
2. Failure to respond to this order, or failure to show good cause for the lack of service of process, will result in dismissal of plaintiff's case without prejudice.
3. Given this order, the initial status conference, currently scheduled for October 15, 2020 before the undersigned, is VACATED.

Dated: October 7, 2020

till.950

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE