UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN TILLMAN-CONERLY,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. OFFICE OF PERSONNEL MANAGEMENT et al.,<br><br>    Defendants. | No. 2:20-cv-950-TLN-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS AND TO DENY MOTION FOR DEFAULT JUDGMENT<br><br>(ECF Nos. 7, 9.) |

On May 8, 2020, plaintiff, proceeding pro se, filed a complaint against the U.S. Office of Personnel Management and Laverne Watson (an employee thereof). (ECF No. 1.) On May 12, 2020, the Clerk issued a summons. (ECF No. 2.) On July 13, 2020, plaintiff filed a "Motion for Extension of Time" to serve defendants, stating she could not serve the complaint because the government offices were closed due to the COVID-19 pandemic. (See ECF No. 4.) Plaintiff requested a stay of the action until the offices re-opened. Id. The court denied plaintiff's request for a stay and ordered plaintiff to serve defendants by August 31, 2020. (See ECF No. 5.)

On August 18, plaintiff filed documents with the court in order to demonstrate service on defendants was attempted. (ECF No. 6.) These documents include two affidavits from a process server, who declares attempted personal service, then mailed the summons and complaint—for both the U.S. Office of Personnel Management and Laverne Watson—to the Office's address in Washington D.C. (See ECF No. 6.) Since that date, neither defendant has entered an appearance

1

in this case.

On October 7, the court ordered plaintiff to show cause why the action should not be dismissed for failure to serve defendants. (See ECF No. 7.) In response, plaintiff filed a motion for default judgment. (ECF No. 8.) Then, on October 21, plaintiff refiled the August 11 documents and argued service had been effected. (See ECF No. 10.) Thus, plaintiff argues she has complied with the court's order, and maintains a default should be entered.

After reviewing plaintiff's documents, as well as the docket in this case, the court finds plaintiff has failed to properly serve defendants. Further, given plaintiff's insistence on moving for a default judgment instead of following the court's order to focus on service of process, the court recommends plaintiff's complaint be dismissed.

Legal Standards

Instructions for service of process are contained in Rule 4 of the Federal Rules of Civil Procedure.

When serving process on a United States agency in its official capacity, plaintiff must serve process on the United States and send a copy of the summons and complaint to the agency by certified mail. Fed. R. Civ. Pro. 4(i)(2). To serve the United States, plaintiff must:

A) deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought (or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk) or send a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States attorney's office; and
B) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of the commons and complaint by registered or certified mail to the agency or officer.

Fed. R. Civ. Pro. 4(i)(1).

To serve a United States employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf, a party must serve both the United States (as per Rule 4(i)(1), outlined above) and the employee under Federal Rule of Civil Procedure sections 4(e)-(g). Fed. R. Civ. Pro. 4(i)(3). Service on a domestic employee

2

may be had by following the rules for individual defendants, which allow for:
> (A) delivering a copy of the summons and complaint to the individual personally;
> (B) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Pro. 4(e)(2).

Federal law also permits service of process under a state's service of process rules. See Fed. R. Civ. Pro. 4(e)(1). California law permits mail service of process, but personal service must be diligently attempted before substituted service may be permitted. Cal. Civ. Pro. 415.30; see Bonita Packing Co. v. O'Sullivan, 165 F.R.D. 610, 613 (C.D. Cal. 1995); see also 1 Cal. Affirmative Def. § 2:14 (2d ed.) (discussing Cal. Civ. Pro. § 415.20(b)) ("The requirement that the plaintiff attempt personal service with reasonable diligence before use of substituted service is mandatory . . . [if] the requirement is not satisfied, the substituted service will be ineffective"). Usually, two or three attempts at personal service at a proper place should satisfy the requirement of reasonable diligence and allow substituted service. Bonita Packing, 165 F.R.D. at 613. Further, even though California permits substitute service by mail, it is not deemed effective unless acknowledged by the defendant. Cal. Civ. Proc. Code § 415.30(a); see also Wang v. Governor of California, 539 F. App'x 733 (9th Cir. 2013) ("Although California law does permit service of a summons by mail, such service is valid only if a signed acknowledgment is returned and other requirements are complied with").

Analysis

Here, plaintiff has not properly served process on either defendant. The documents plaintiff submitted in response to the order to show cause are replicas of her August 11 filings. These documents indicate plaintiff hired a process server to attempt personal service on the U.S. Office of Personnel Management ("OPM"). (See ECF No. 10.) However, the process server was told that due to the pandemic, the documents for the OPM should be mailed to 1900 E. St., NW, Washington, D.C. 20415, and his affidavit indicates he did exactly that. (Id.) The process server

3

1  was also told Watson was teleworking and would need to be served at her home address. (Id.)
2  However, the process server mailed Watson's documents to the same office address in D.C. (Id.)
3        The court was aware of the process server's documents when issuing the order to show
4  cause, and informed plaintiff that those documents were insufficient to demonstrate service of
5  process. (ECF No. 7.) The documents indicate plaintiff fulfilled the second part of Rule 4(i)(2),
6  requiring plaintiff to send a copy of the summons and complaint to the agency by mail, but do not
7  indicate plaintiff has also attempted to serve the United States, as per Rule 4(i)(1)-(2). Further,
8  plaintiff's response to the OSC does not attempt to address the failure to serve defendant Watson
9  under Rule 4(i)(3) and 4(e). In fact, plaintiff's own process server informed plaintiff that because
10 Watson was teleworking, she would need to be served at her home address. (ECF No. 10 at Ex.
11 D.) Thus, plaintiff has failed to demonstrate good cause for her failure to serve defendants, and
12 the court is left to devise a remedy for plaintiff's failure.
13       Ordinarily, pro se plaintiff are given great latitude in prosecuting their case, given their
14 unfamiliarity with the legal system and federal rules. See, e.g., Eriksen v. Washington State
15 Patrol, 2006 WL 994750, at *1 (E.D. Wash. Apr. 7, 2006) ("Generally pro se litigants are allowed
16 more latitude than litigants represented by counsel to correct defects in service of process and
17 pleadings.") (quoting Moore v. Agency for Intern. Development, 994 F.2d 874 (D.C. Cir. 1993)).
18 However, pro se status in and of itself is not sufficient to show good cause. Townsel v. Contra
19 Costa County, 820 F.2d 319, 320 (9th Cir.1987) (noting that ignorance of or confusion about
20 service requirements does not constitute "good cause" for failure to serve). Plaintiff offers no
21 explanation for why she failed to comply with the court's October 7th order to serve defendants
22 under Rule 4. Instead, it appears plaintiff is doubling down on her belief that service has been
23 had, as plaintiff not only resubmitted the same documents as she did prior to the court's order to
24 show cause, but also filed for default judgment against defendants.[1] (ECF Nos. 9, 10.)

---

[1] Plaintiff's pattern of failing to properly serve defendants and then move prematurely for default judgment is evident not only in this case, but in other cases filed in this court. See, e.g., Conerly v. Veracity Research, et al., 2:19-cv-01021-KJM-KJN (request for entry of default denied four times by clerk of court, and motion for default judgment denied on the merits); Conerly v. Winn, et al., 2:20-cv-01833-JAM-AC (wherein plaintiff moved for default judgment twice, despite

4

1    Given the lack of good cause, plaintiff's failure to follow the orders of the court, and
2  failure to follow the Federal Rules of Civil Procedure, the court recommends this case be
3  dismissed.  See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the
4  complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss
5  the action without prejudice against that defendant or order that service be made within a
6  specified time."); Local Rule 183(a) ("Any individual representing herself without an attorney is
7  bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable
8  law . . . Failure to comply therewith may be ground for dismissal, judgment by default, or any
9  other sanction appropriate under these Rules); see also King v. Atiyeh, 814 F.2d 565, 567 (9th
10 Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants").

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims be DISMISSED WITHOUT PREJUDICE; and
2. Plaintiff's Motion for Default Judgment (ECF No. 9) be DENIED; and.
3. The Clerk of the Court be directed to CLOSE this case.

Dated:  November 13, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

till.950

---

recommendation by the court that claims should be dismissed for lack of subject matter jurisdiction); Conerly v Kaiser Permanente, et al., 2:19-cv-02535-JAM-DB (wherein multiple requests for entry denied and court warned plaintiffs against seeking entry of default against a defendant that was not properly served).  Plaintiff's conduct borders on vexatious, and continued flouting of the court's orders and rules may lead to a pre-filing order restricting her ability to file cases in this court.  See De Long v. Hennessey, 912 F. 2d 1144, 1146, 48 (9th Cir. 1990) (noting that district courts have the power to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings, as "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.").

5